# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

## PRISONER COMPLAINT
## [FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

_Mitchell Morbury-Bey_
Name under which you were convicted

_Jury Trial_

_#138814_
Your prison number

vs.

CIVIL ACTION NO. _19-CV-1103 JB-B_
(To be supplied by Clerk of Court)

_DeWayn Estey, et a_
Name of Defendant(s)

_Holeman Unit_
Place of Confinement and Address

## INSTRUCTIONS - READ CAREFULLY

A. Complaint Form. You must file your original complaint and a copy for each named Defendant. Your complaint must be clearly handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. Any false statement of material fact may serve as the basis for prosecution for perjury.

B. Proper Court. Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. Separate Case. It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. Defendants. The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other pleading filed with the Court.

Rev. 4/10/06

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:
   Yes ( )      No ( )          N/A

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:
   Yes ( )      No ( )          N/A

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)          N/A

   1. Parties to this previous lawsuit:

   Plaintiffs: _____ GO TO PAGE-8 _____

   _____

   Defendants: _____

   _____

   2. Court (if federal court, name the district; if state court, name the county): _____

   _____

   3. Docket Number: _____ ABOVE _____

   4. Were you granted the opportunity to proceed without payment of filing fees?
   Yes (✓)   No ( )

   5. Name of judge to whom the case was assigned: _____ PAGE-8 _____

   6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

   _____ ABOVE _____

   _____

   _____

   7. Approximate date of filing lawsuit: _____ PAGE-8 _____
   8. Approximate date of ruling by court: _____ PAGE-8 _____

## II. YOUR PRESENT COMPLAINT.

A. Place or institution where action complained of occurred: _3700 Holman Unit_

B. Date it occurred: _12/6/2018_

C. Is there a prisoner grievance procedure in this institution? _N/A_

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (✓)   No ( )

E. If your answer is YES:

   1. What steps did you take? _Sent a typed letter to Warden Ths, Cynthia Steward/La Col.,_

   2. What was the result? _No Response_

F. If your answer is NO, explain why not: _N/A_

G. Your claim (briefly explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

_Start on page-10, concerning complaint 1_

4

**III. PARTIES.**

A. <u>Plaintiff</u> (Your name/AIS): _____

   Your present address: _____ *Go To PAGE-8* _____

B. <u>Defendant(s)</u>:

1. Defendant (full name) _____ is employed as _____ at _____.

   His/her present address is _____.

   (a) Claim against this defendant: _____

   _____.

   (b) Supporting facts (Include date/location of incident):

   _____
   _____
   _____

2. Defendant (full name) _____ is employed as _____

   at _____.

   His/her present address is _____ *PAGE-8* _____.

   (a) Claim against this defendant: _____

   _____.

   (b) Supporting facts (Include date/location of incident):

   _____
   _____
   _____

3. Defendant (full name) _____ is employed as _____

   at _____.

   His/her present address is _____ *PAGE-8* _____.

5

(a) Claim against this defendant: _____
_____.

(b) Supporting facts (Include date/location of incident):
_____
_____
_____

C. <u>Additional Defendants</u>: (If there are additional defendants, you may list them on separate pages using the same outline above).

IV. A. You must answer the following questions:

1. State the conviction(s) for which you are presently incarcerated: _1st Degree_ _Robbery_.

2. When were you convicted? _2007_

3. What is the term of your sentence? _LWOP_

4. When did you start serving this sentence? _2081_

5. Do you have any other convictions which form the basis of a future sentence?
   Yes ( )    No (✓)

If so, complete the following:

(a) Date of conviction: _November 11, 2001_

(b) Term of sentence: _LWOP_

6. What is your expected end of sentence (E.O.S.) date? _N/A_

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|  | Conviction | Sentence |
|---|---|---|
| Reversed | yes( ) no( ) | yes( ) no( ) |
| Expunged | yes( ) no( ) | yes( ) no( ) |
| Invalidated | yes( ) no( ) | yes( ) no( ) |

6

Writ of habeas  yes( ) no(✓)        yes( ) no(✓)
corpus granted

C. If you answered yes to any of the questions, state the Court or entity that relieved you from your conviction or sentence and the date: _____ N/A _____

V. State <u>briefly</u> exactly what you want the Court to do for you if you win (make no legal argument, cite no cases or statutes):

Wherefore, Plaintiff respectfully requests that the court assume jurisdiction of this action and award the Plaintiff

VI. **AFFIRMATION.** By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct.

12/10/819
Date

M. Morrow-By #187814
(Signature of Plaintiff Under Penalty of Perjury)

3700 Holman Unit
Current Mailing Address

Atmore, AL 36503

N/A
Telephone Number

<u>PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN HIS ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.</u>

CONTINUE FROM PAGE-3

1. Parties to this previous lawsuit:
Plaintiffs: Mitchell Marbury AIS #138014-A-108
Defendants: Warden III, DeWayne Estes, C.O.I., Beverly Warren;
Warden III, DeWayne Estes, Warden I, Cedrice Specks, Capt. Graham
2. Court (if federal court, name the district; if State Court, name the county): Appeal from the United States District Court for the Northern Middle Division.
3. Docket Number: 4:6-cv-01152-AKK-JHE; NO.17-12589; 4:18-cv-00925-CLS-JHE
4. Were you granted the opportunity to proceed without payment of filing fees? Yes(✓) NO( )
5. Name of judge to whom the case was assigned: Abdul K. Kallon; John E. England
6. still on Appeal in the 11th Circuit, as of Case No. 17-12589. Pending in the District Court as of Case No. 4:18-cv-00925-CLS-JHE
7. Approximate date of filing lawsuit: 7/13/2016;6/8/2018
8. Approximate date of ruling by court: N/A

the following relief; (1) Grant the plaintiff an order requiring the defendants to make him whole by granting appropriate relief, declaratory relief, awarding compensatory damages against each defenants of $100,000.00 (One Hundred Thousand Dollars); award punitive damages against each defendants in the amount of $200,000.00 (Two Hundred Thousand Dollars); plus interest, attorney fees, expenses and costs.

(2) Plaintiff further prays the court for an injunction enjoining the defendants from again engaging in the conduct complained of, ordering them to pay plaintiffs' attorney fees, costs, and all expenses associated with this lawsuit.

(3) Such other, further or different relief as this court may just & proper.

(1) This is a civil action brought pursuant to **42 U.S.C. §1983** and the Eighth Amendment to the U.S. Constitution. The plaintiff seeks declaratory and injunctive relief, to compensate him for the harm he has suffered and continues to suffer, plaintiff also seeks compensatory and punitive damages.

(2) This court has subject-matter jurisdiction of this case pursuant to **42 U.S.C. §1983**.

## PARTIES

### A. Plaintiff

3. Plaintiff Mitchell Marbury is a citizen of the United States who is being confined to Holman Correction Facility population. Plaintiff sues for himself as an individual.

### B. Defendants

(4) Defendant Cynthia Steward is the warden at Holman Correction Facility. She is directly and immediately responsible for the operation of this institution and for the treatment afforded all inmates within it. She is being sued in her individual capacity for declaratory and injunctive relief. Her address is; 3700 Holman Unit Atmore, Al 36503.

(5) Defendant William Streeter is the warden at Fountain 3800 Atmore, Al 36503. He is being sued in his individual capacity for damages and in his official capacity for declaratory and injunctive relief.

~~(6) Defendant J. Bullard is a correctional officer at Holman Correction Facility. Plaintiff sues him in individual capacity for damages Al 36503 in his official for declaratory and injunctive relief.~~

(6) Defendant J. Bullard is a correctional officer at Holman Correction Facility. He is being sued in his individual capacity for declaratory and injunctive relief.
dor damages and in his individual capacity for declaratory and injunctive relief.

10

## STATEMENT OF FACTS

(7) December 2, 2018 at Holman Correctin Facility, a young rival "Gangsta Disciple" gang-mamber by the street name "WestGate" were murdered by several other rival gang-members in Alfa Dormitory approximately in the neighborhood of 9:00 p.m.

(8) December 3, 2018 the Ala. Cert Team upon their arrival and entering Alfa Dormitory demanded all convicts to lay face down, with hands behind thier heads and thier feet crossed. The Ala. Cert Team begin shaking every convict living erea down on the high and low side; however, starting from the back working thier way to the froint of the dormitory.

(9) While plaintiff and others were face down on their beds, plaintiff was instructed by C.O.I., J. Bullard and Warden, William Streeter to get up, squate, cough, and put on his shower shoes and place his hands behind his head and go to the T.V. Room where the rest were instructed to go.

(10) As plaintiff was exiting his living bed erea, attempting to appear non-threatening and comply with orders as instructed, with his hands behind his head; for no apparent reason, plaintiff was attacked from behind by William Streeter, who hit plaintiff in the facial erea, knocking plaintiff to the floor, busting plaintiff mouth and nose, that required plaintiff to be taken to the prison infirmiry upon the order of the Warden, Cynthia Steward and Commissioner Cheryl Price, who upon their observation walk through, after the shake down, was put on notice, by plaintiff and others of the attacks by the Ala. Cert Team to have plaintiff and others taken to the prison infirmiry to be treated and cared for.

(11) During this entire incident, plaintiff did not resist and contends these action were taken for the sole purpose of causing harm and inflicking pain.

(12) Defendant J. Bullard was present but did nothing to restrain defendant W. Streeter or stop the abuse of plaintiff.

(13) Upon entering the infirmiry, plaintiff was treated by Nurse Simmons; afterworth, a week or two later plaintiff was Ex-Rayed due to experiencing numbness to the left side of his facial erea that lasted approximately two months before the numbness subsided. Plaintiff was informed by a specialist "Dr. Karen Jones" that the Ex-Ray revealed the tip of plaintiff nose was chiped.

(14) Plaintiff submitted complaints to defendant Cynthia Steward who refused to investigate the matter or to take disciplinary action against the defending officers as provided for in administrative regulations 207 and 208.

(15) Defendant Cynthia Steward have refused to take any remedial action to prevent the assualts against inmates such as Marbury. In addition, these defendants have been aware of widespread abuse at Homan Correction Facility.

### PLAINTIFF CLAIMS

## DEPRIVATION OF PLAINTIFFS' CIVIL RIGHTS, ASSUALT AND BATTERY DELIBERATE INDIFFERENCE...

(16) The plaintiff hereby restates, realleges and incorporates by reference herein the allegations set forth in paragraph 1 through 15 above...

(17) The plaintiff bring this action pursuant to 42 U.S.C. §1983.

(18) Based on the factual allegation set out above, the defendants, acting in their individual and in their official capacity, while under the color of State law, unlawfully deprived the plaintiff of his rights guaranteed to him under the eighth amendment.

(19) The defendants have subjected plaintiff to sucessive force and assualt which constitute cruel and unusual punishment.

(20) The defendants have violated plaintiff constitutional right by failing to prevent assualts by other officers or to intervene in such assualts.

(21) By failing to take remedial action on behalf of plaintiff, the defendants have shown a deliberate indifference to his constitutional rights to ensure that excessive force is not used.

(22) Defendants engaged in said conduct under the color of State law.

(23) Defendants have committed, allowed and/or permitted said violation on numerous occassions.

(24) The defendants have been aware of the pattern and pratice of correctional staff assualting inmates.

(25) The defendants have failed to take any affirmative action against correctional staff who have assualted Marbury and other inmates, thereby tacitly approving this conduct.

(26) As a result of defendants' actions, the plaintiff has suffered physical injuries and his federally pritected right have been violated.

(27) Because defendants' conduct was gross, willful, and oppressive, the plaintiff has and does claim punitive damages.

(28) The plaintiff claims attorney fees and expenses pursuant to 42 U.S.C. 1983.

Mr. Mitchell Marbury
#308014-A-108
3700 Holman Unit
Atmore, Ala 36503



"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the ADOC is not responsible for the substance or content of the enclosed communication."

United States District Court
Southern District of Alabama
155 St. Joseph Street
Mobile, Alabama 36602